UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
CATHAY BANK,                                     :
                                                 :
                Plaintiff,             :
                                                 :   **SUMMARY ORDER**
            -against-                      :   09-CV-4288 (DLI) (CLP)
                                                 :
JACK WU-CHANG LAI,                               :
                                                 :
                Defendant.             :
---------------------------------------------------------------- x
CATHAY BANK,                                     :
                                                 :
                Plaintiff,             :
                                                 :
           -against-                         :   **SUMMARY ORDER**
                                                 :   09-CV-404 (DLI) (CLP)
MARINDA WANG and PATRICK CHEN,                   :
                                                 :
                Defendants.            :
---------------------------------------------------------------- x

**DORA L. IRIZARRY, United States District Judge:**

      Plaintiff Cathay Bank ("Cathay") commenced these two actions to recover amounts due under guarantees signed by Defendants Jack Wu-Chang Lai, Marinda Wang and Patrick Chen. Presently before the court is Cathay's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below, Cathay's motion is granted.

## BACKGROUND

      Cathay is a bank organized and existing under and by virtue of the laws of the State of California. Cathay entered into separate promissory notes with 69 Suffolk Street, LLC ("69 Suffolk"), 106 North East Street, LLC ("106 North"), 690 Dwight Street, LLC ("690 Dwight"), 5 Adam Street, LLC ("5 Adam"), and 590 South Bridge Street, LLC ("590 South"). (Pl. 56.1 Stmt. Lai ¶¶ 3-12; Pl. 56.1 Stmt. Wang/Chen ¶¶ 3-12.)

1

On or about February 18, 2005, Lai, Wang, and Chen executed unconditional guarantees, guaranteeing the obligations of 69 Suffolk, 106 North, 690 Dwight, 5 Adam, and 590 South. Cathay states that 69 Suffolk, 106 North, 690 Dwight, 5 Adam, and 590 South are in default, and that Cathay has therefore elected to accelerate all of the companies' obligations to Cathay under the loan documents. (Pl. 56.1 Stmt. Lai ¶¶ 3-12.) Cathay argues that Lai, Wang, and Chen failed to make any payments to Cathay with respect to the unpaid obligations. (Pl. 56.1 Stmt. Lai ¶ 15; Pl. 56.1 Stmt. Wang/Chen ¶ 15.) Cathay now moves for summary judgment against all three defendants. Defendants oppose the motion and argue that they are entitled to assert affirmative defenses, which create issues of fact, thus barring summary judgment.

## STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court must view all facts in the light most favorable to the nonmoving party, but "only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id*. A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party, however, may not rely on "[c]onclusory allegations, conjecture, and speculation," *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998), but must affirmatively "set out specific facts showing a genuine issue for trial," Fed. R. Civ. P. 56(e). "When no rational jury could find in favor of the

nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo v. Prudential Residential Servs., Ltd. P'ship.*, 22 F.3d 1219, 1224 (2d Cir. 1994) (citing *Dister v. Cont'l Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir. 1988)).

## DISCUSSION

Cathay argues that, under either Massachusetts law, which is the governing law of the guarantees, or New York law, as the law of this jurisdiction, it is entitled to summary judgment. Under Massachusetts law, "the party suing on a contractual guaranty, ha[s] to prove the guaranty, the failure to recover on the note and the sum remaining unpaid." *LPP Mortg., Ltd. v. Sugarman*, 565 F.3d 28, 33 (1st Cir. 2009) (citing *Transmedia Rest. Corp. v. Elegant Appetites, Inc.*, 2000 WL 1616462, at *3 (Mass. App. Div. Oct. 20, 2000)). Similarly, under New York law, "[i]n an action on a guaranty, a plaintiff can establish a prima facie case of breach by proving the existence of a contract of guaranty and the obligor's failure to pay." *Merrill Lynch Commercial Fin. Corp. v. All State Envelopes Ltd.*, 2010 WL 1177451, at *2 (E.D.N.Y. Mar. 24, 2010); *see also Valley Nat'l Bank v. Greenwich Ins. Co.*, 254 F. Supp. 2d 448, 454 (S.D.N.Y. 2003); *WestRM-West Risk Mkts. v. Lumbermens Mut. Cas. Co.*, 314 F. Supp. 2d 229, 232 (S.D.N.Y. 2004). "Once a prima facie case has been established, the plaintiff is entitled to summary judgment unless the defendant can assert defenses that would raise a genuine issue of material fact." *Valley Nat'l Bank*. 254 F. Supp. 2d at 454. Cathay argues that it is undisputed that the primary obligors defaulted in their obligations to Cathay, and thus defendants are liable to Cathay as a matter of law.

Defendants do not dispute that the primary obligors defaulted in their obligations. Indeed, the only argument raised by Defendants in opposition to summary judgment is that they

have standing to raise two affirmative defenses: (1) that the notes are ambiguous, contradictory and impossible to discern, and (2) that the notes are unconscionable because they permit only Plaintiff to seek arbitration of conflicts between the parties. (Lai Opp. ¶¶ 14-26; Wang/Chen Opp. ¶¶ 14-26.)

As a general rule, a guarantor does not have standing to raise the primary obligor's defense under the guaranty. *See Cinema N. Corp. v. Plaza at Lathan Assocs.*, 867 F.2d 135, 139 (2d Cir. 1987); *Sterling Financial Serv. Co., Inc., v. Franklin*, 259 Fed. Appx. 367, 369 (2d Cir. 2008). The exception to this rule, however, is where the principal consents to the use of its cause of action by the guarantor. *See Cinema*, 867 F.2d at 139; *see also Corporate Buying Service v. Lenox Hill Radiology Assocs.*, 1995 WL 608288, at *2 (S.D.N.Y. Oct. 17, 1995). Furthermore, "[w]here the guarantor controls the principal, consent will be presumed." *Cinema*, 867 F.2d at 139 (intern quotation marks and citations omitted).

Defendants argue that the exception described in *Cinema* applies to them. They contend that, because there is "no dispute that the principals of all Holding Corporations are the same as the guarantors," the guarantors may assert the defenses of the principals in these actions. (Lai Opp. ¶ 3; Wang/Chen Opp. ¶ 3.) Cathay disputes Defendants' assertion, and argues that Defendants have failed to provide evidence that any of the Defendants are in fact principals of the Holding Corporations or that the Holding Corporations have consented to the use of the defenses. (Pl. Reply 2.) Indeed, none of the documents submitted by the Defendants demonstrate that they are principals of the companies that signed the promissory notes. Additionally, the Defendants have failed to state in any of the sworn declarations that have been submitted that they are the principals of the company. (*See* Chen Decl., Docket Entry 25, 09-

4

CV-4288; Chen Decl., Docket Entry 40, 09-CV-404.)[1] Therefore, there is no basis to show that Defendants are the principals of the primary obligors or that the principals consented to the Defendants' use of the affirmative defenses. In sum, Defendants have failed to show that there is an issue of fact regarding whether they are entitled to put forth the affirmative defenses.

In light of this fact, Plaintiff is entitled to summary judgment against Defendants. However, Plaintiff has failed to submit a summary of or support for the amount it believes it is owed. Therefore, the issue of damages is respectfully referred to Magistrate Judge Cheryl L. Pollak for a report and recommendation.

**Conclusion**

For the foregoing reasons, Plaintiff's motion for summary judgment is granted, and the issue of damages is respectfully referred to Magistrate Judge Cheryl L. Pollak for a report and recommendation.

SO ORDERED.

Dated: Brooklyn, New York
March 3, 2011

/s/
DORA L. IRIZARRY
United States District Judge

---

[1] The court notes that Lai's Rule 56.1 Statement refers to the "Declaration of Lai." (Lai 56.1 Stmt. ¶¶ 5, 7, 11, 13-18.) However, the only declaration submitted in opposition to the motion was by Patrick Chen. (*See* Docket Entry 25.)