```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
CATHAY BANK,                                                       :
                                                                   :
                              Plaintiff,                           :
                                                                   :    **SUMMARY ORDER**
                        -against-                                  :    09-CV-4288 (DLI) (CLP)
                                                                   :
JACK WU-CHANG LAI,                                                 :
                                                                   :
                              Defendant.                           :
------------------------------------------------------------------ x
CATHAY BANK,                                                       :
                                                                   :
                              Plaintiff,                           :
                                                                   :
                        -against-                                  :    **SUMMARY ORDER**
                                                                   :    09-CV-404 (DLI) (CLP)
MARINDA WANG and PATRICK CHEN,                                     :
                                                                   :
                              Defendants.                          :
------------------------------------------------------------------ x
```

**DORA L. IRIZARRY, United States District Judge:**

Defendants Jack Wu-Chang Lai, Marinda Wang, and Patrick Chen seek reconsideration of this Court's March 3, 2011 Summary Order granting summary judgment in favor of plaintiff Cathay Bank and referring the calculation of damages to the magistrate judge (*see* Summary Order, Doc. Entry Nos. 27, 44.) (*See* Defendants' Motions for Reconsideration, Doc. Entry Nos. 28, 45.) Plaintiff Cathay Bank opposes the motions, contending that defendants seek to overturn the Court's grant of summary judgment to plaintiff based on evidence that the defendants failed to submit in support of their opposition to plaintiff's motion for summary judgment. (*See* Plaintiff's Opposition to Reconsideration, Doc. Entry Nos. 29, 46.) For the reasons set forth below, defendants' motions for reconsideration are denied.

# **DISCUSSION**[1]

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transport, Inc.*, 70 F. 3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Hinds County, Miss. v. Wachovia Bank N.A.*, 708 F. Supp. 2d 348, 369 (S.D.N.Y. 2010) (citation and internal quotation marks omitted). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the court in deciding the original motion. *Id.*; *United States v. Gross*, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002). Nor is it proper to raise new arguments and issues. *Gross*, 2002 WL 32096592 at *4.

Defendants are the guarantors of loans for corporate entities that sought loans from plaintiff Cathay Bank for the purchase of real property. The corporate entities defaulted, and, upon due consideration of the record, this Court granted summary judgment in plaintiff's favor against the guarantor-defendants. In their opposition to plaintiff's motion for summary judgment, the guarantor-defendants argued that the Court should deny summary judgment because they had standing to raise two affirmative defenses thereby creating triable issues of fact. The Court acknowledged that a guarantor has standing to raise a defense of a primary obligor when the guarantor controls the primary obligor or the primary obligor otherwise consents to the guarantor's litigation of its defense. However, the Court concluded that the guarantor-defendants could not raise such defenses as they failed to present any evidence that

---

[1] The Court assumes familiarity with the facts of this case. For a detailed discussion of the underlying facts and issues, see the March 3, 2011 Summary Order.

they controlled the primary obligors or that the primary obligors had consented to the guarantor-defendants asserting their purported affirmative defenses.  (*See* Summ. Ord. at 4-5.)

In support of their motions for reconsideration, the guarantor-defendants have submitted tax returns for the corporate entities indicating their purported connection with those entities. (*See* Exs. B-F, attached to Defendants' Memoranda of Law, Doc. Entry Nos. 27, 45.)   Notably, "reconsideration should not be granted where the moving party . . . seeks to introduce additional facts not in the record on the original motion."  *See United States v. Sasbon*, 2011 WL 867177, at *2 (E.D.N.Y.  Mar. 8, 2011) (denying reconsideration); *see also Rafter v. Liddle*, 288 Fed. App'x 768, 769 (2d Cir. Aug. 13, 2008) (holding that motions for reconsideration "are not vehicles for taking a second bite at the apple . . . and [the court should] not consider facts not in the record to be facts that [it] 'overlooked'"); *Adams v. Warner Bros. Pictures*, 289 Fed. App'x 456, 458 (2d Cir. Aug. 13, 2008) (affirming denial of reconsideration as plaintiff's "motion pointed to no law or fact that was overlooked;" rather, plaintiff "simply sought to introduce additional and unsubstantiated factual assertions").  Contrary to defendants' contentions, defendants did not include with their original opposition to summary judgment the evidence they now seek to introduce for the first time on reconsideration.  This failure is especially troubling because defendants have asserted these affirmative defenses since answering the complaints and the affirmative defenses were central to their opposition papers.  The granting of reconsideration is discretionary and under these circumstances the Court declines to grant reconsideration.

Moreover, even if the Court granted reconsideration, the guarantor-defendants' defenses are frivolous.  The Court has reviewed the submissions of the parties.  There is nothing ambiguous about the terms contained in the various guarantees and mortgages.  Further, there is nothing unconscionable about the guarantees and mortgages.  Defendants, who were

3

sophisticated enough to incorporate several holding companies for their real estate venture, are not the innocent, unsophisticated borrower that the law regarding unconscionable lending contemplates. Defendants simply seek to avoid fulfilling their obligation to repay a lawful debt.

## CONCLUSION

For the reasons forth above, defendants' motions for reconsideration are denied. The parties are directed to proceed before the Magistrate Judge to resolve the issue of damages, which may include attorney fees expended by plaintiff in litigating defendants' frivolous motions for reconsideration.

SO ORDERED.

Dated: Brooklyn, New York
       March 11, 2012

/s/
DORA L. IRIZARRY
United States District Judge